IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NATHANIEL WASHINGTON, | No. 2:15-cv-2302-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 7). Plaintiff is requesting the court order the California Department of Corrections to provide plaintiff immediate medial treatment for his fractured finger.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

1


controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). In addition, the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In this case, plaintiff has requested the court order CDCR to provide treatment. However, as the undersigned outlined in the screening order, plaintiff cannot maintain an action against CDCR. Essentially, this is equivalent of asking the court to issue an order against a non-party, which the court is unable to do.

As to the likelihood of success on the merits of plaintiff's claims, the undersigned has found plaintiff's complaint deficient, and has ordered him to file an amended complaint which sufficiently states a claim. As such, at this time there does not appear to be a high likelihood of success on the merits. Similarly, as to the irreparable injury, plaintiff has not provided the court with enough information to determine whether there would be irreparable injury. A fractured finger may or may not require extensive treatment. Without more information, the court cannot determine the extent of the damage, and whether there would be irreparable injury. As to the balance of hardships, plaintiff offers no reason why the balance would tip in his favor. Requiring specific treatment could be a significant hardship on the prison, especially if the specific treatment plaintiff is requesting is not medically necessary. Finally, the undersigned sees no public interest in requiring plaintiff be provided specific medical treatment in this situation, where it is unclear from the record whether such treatment is medically necessary.

/ / /

/ / /

Accordingly, plaintiff fails to make the required showing for a temporary restraining order at this time.  His motion for such should be denied.

Based on the foregoing, the undersigned finds plaintiff fails to make the required showing for a temporary restraining order and recommends that his motion (Doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 22, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE