IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NATHANIEL WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendant. | No. 2:15-cv-2302-MCE-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATION |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 12).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his amended complaint, plaintiff attempts to clarify his claims.  As he did in his original complaint, plaintiff claims his Eighth Amendment rights have been violated relating to lack of treatment for a fractured finger.  Specifically, he alleges Dr. Ramos recommended a referral to an orthopedic doctor based on x-rays of his finger.  However, defendant Kuersten denied the evaluation request, and directed Dr. Ramos to refer plaintiff to physical therapy.  Dr. Ramos examined plaintiff again, and submitted another request for an ortho evaluation.  This time defendant Kuersten approved the evaluation, but the orthopedic doctor found because of the delay in treatment the fracture had already begun to heal and only range of motion exercises could be prescribed, and the ligament could no longer be reattached.   Plaintiff also raises a new claim relating to a peanut allergy and need for special diet.

## II. DISCUSSION

As addressed in a separate order, the amended complaint sufficiently states a claim against defendant Kuersten relating to plaintiff's finger fracture.  However, as to plaintiff's attempts to add a new unrelated claim, that claim should be dismissed.

The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised on the same action.  Fed. R. Civ. Proc. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  As plaintiff's claims relating to his diet and peanut allergy are unrelated to his claims regarding delay in treating his fractured finger, the new claims should not have been raised in the amended compliant.

In addition, while plaintiff was granted leave to file an amended complaint in order to attempt to state a claim relating to his fractured finger, he never asked for nor was granted leave to include new and additional claims.  Even if plaintiff had requested leave to bring the new claims into this action, that request would have been denied.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  As the new claims are unrelated to the original claims, leave to amend would be denied.  Therefore, the claims against defendant Lewis relating to plaintiff's diet and peanut allergy should be dismissed from this action.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's claim against defendant Lewis relating to his peanut allergy and diet be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of

objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED:  November 4, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE