IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM NATHANIEL WASHINGTON,    No. 2:15-cv-2302-MCE-CMK-P

    Plaintiff,

  vs.    ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendant.

/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

viewed together before reaching a decision.  See id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff's request is based on his lack of funds to hire counsel, the limitations his incarceration poses such as limited law library access, his limited legal knowledge, and the complexity of this case.  However, these circumstances are the type common to most prisoners which do not establish exceptional circumstances.  In addition, plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The single claim in this case appears to be a straight forward Eighth Amendment claim for lack of, or delay in, medical treatment and not overly complex.  Finally, as to the merits of plaintiff's case, at this stage of the proceedings, the undersigned cannot say that plaintiff is likely to prevail in the lawsuit.  If this action survives summary judgment, plaintiff may renew his motion for the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Docs. 20, 32) is denied.

DATED:  September 12, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE