IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM NATHANIEL WASHINGTON,   No. 2:15-cv-2302-MCE-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATION

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendant.

                                /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are three additional motions for injunctive relief plaintiff has filed (Docs. 15, 21, 33). Plaintiff's previous motion for injunctive relief was denied. This action proceeds against one defendant, Dr. Kuersten, regarding treatment for plaintiff's fractured finger.

        In all three new motions for emergency injunctive relief and temporary restraining order, plaintiff claims he is being subjected to retaliation by "the California Department of Corrections." This retaliation is in the form of relocating plaintiff, not transporting plaintiff's property to his current location, threatening total loss of his property, and keeping him on orientation status. In addition, he requests an order from the court "enjoining the defendant, their

successors in office, agents and employees and all other persons acting in concert and participation with them," from disclosing information to inmates, withholding plaintiff's mail, and harassing plaintiff's family and friends.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). In addition, the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In this case, plaintiff has requested the court order "the defendant, their successors in office, agents and employees and all other persons acting in concert and participation with them" to cease retaliation against plaintiff. Plaintiff's motions are deficient for several reasons. First, as stated above, the court can only issue an order against individuals who are parties to this action. There is only one defendant to this action, and plaintiff fails to allege that it is the defendant who is retaliating against him. To the extent plaintiff is requesting an order requiring other individuals to cease such behavior, the court is unable to do so.

In addition, plaintiff has failed to meet the requirements of Local Rule 231(c)(4) in that he did not file an affidavit in support of the existence of an irreparable injury. In fact, plaintiff fails to address the irreparable injury completely in any of his motions. The harassment

plaintiff alleges, while unpleasant, does not appear to pose a threat of irreparable injury. Without the affidavit, the undersigned is unable to properly assess the existence of such.

Accordingly, plaintiff fails to make the required showing for a temporary restraining order at this time. His motions for such should be denied.

Based on the foregoing, the undersigned finds plaintiff fails to make the required showing for a temporary restraining order and recommends that his motions (Docs. 15, 21, 33) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE