IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM NATHANIEL WASHINGTON, | No. 2:15-CV-2302-MCE-DMC-P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M/ KUERSTEN, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant, Doctor M. Kuersten, violated his Eighth Amendment right to medical care. Pending before the Court is Plaintiff's motion for summary judgment (ECF No. 42) arguing that the undisputed facts demonstrate Defendant was deliberately indifferent to Plaintiff's serious medical needs. For the reasons discussed below, plaintiff's motion should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's verified first amended complaint against Defendant M. Kuersten (ECF No. 12).[1] Plaintiff alleges that Defendant was deliberately indifferent to his medical needs when he denied Plaintiff's request to see an orthopedic specialist for a fracture to his right pinky (fifth digit) finger. ECF No. 42 at 1-2.

Specifically, Plaintiff alleges that on October 8, 2015, he fractured his right pinky finger. Id. Plaintiff asserts that on October 20, 2015, he was seen by Doctor Daniel Ramos, who recommended that Plaintiff be seen by an orthopedic specialist outside of the Solano State Prison.[2] ECF No. 42 at 2. This request, Plaintiff contends, was denied by Defendant, who instructed instead that Plaintiff be referred to physical therapy. Id. Plaintiff states that he was again seen by Ramos on November 10, 2015, who resubmitted his request that Plaintiff be seen by an orthopedic specialist, explaining that Plaintiffs finger was now locked in an extended position and that it was unlikely to benefit from physical therapy. Id. This request was granted. Id.

On November 23, 2015, Plaintiff was seen by an orthopedic specialist who informed Plaintiff that his finger cannot be fixed because it had already begun to heal. Plaintiff contends that he cannot fully straighten or bend his finger, and thus he is incapable of making a closed fist, and now has a "mallet finger with a swan neck deformity." ECF No. 51 at 4.

///
///
///
///
///
///

---

[1] The first amended complaint names the following as defendants: (1) J. Lewis; and (2) M. Kuersten. See ECF No. 12 at 1-3. Defendant J. Lewis was dismissed on March 24, 2017. See ECF No. 26 (District Judge order).

[2] Plaintiff alleges Daniel Ramos is a doctor; Defendant refers to him as a physician's assistant.

2

## II. THE PARTIES' EVIDENCE

### A. **Evidence Offered by Plaintiff**

Plaintiff incorporated into his motion for summary judgment a series of facts he alleges are undisputed and two facts he alleges are disputed. Plaintiff argues the following facts are not in dispute:

> 1. Plaintiff's right 5th finger was fractured.
>
> 2. Dr. Daniel Ramos made the request for Plaintiff to be seen by an orthopedic specialist.
>
> 3. This first request made by doctor Ramos was denied by Defendant with instruction to refer Plaintiff to physical therapy to treat a fractured finger.
>
> 4. Dr. Daniel Ramos made a second request for Plaintiff to be seen by an orthopedic specialist, and only after D. Ramos explained to Defendant that Plaintiff would not benefit from physical therapy did Defendant grant Dr. Ramos' request.
>
> 5. Approximately 45-Days passed that Plaintiff was delayed treatment that was adequate to remedy his fractured finger.

ECF No. 42 at 2-3.

Plaintiff's statement of undisputed facts has no citations, though Plaintiff does cite to three exhibits in his "Statement of Facts of Case" section, which largely mirrors his statement of undisputed facts. These exhibits include—Exhibit A: Primary Care Provider Progress Note 10/20/15, Exhibit B: Primary Care Provider Progress Note 11/10/15, Exhibit C: Encounter Form: Musculoskeletal Complaints (Non-Traumatic).

Plaintiff then asserts that the following facts are disputed:

> 1. The 45-day delay in Plaintiff being seen by an outside Orthopedic specialist is the sole reason that Plaintiff's finger cannot be fixed.
>
> 2. This 45-Day delay is a direct result of Defendant denying Dr. Ramos first request for Plaintiff to be seen by an Orthopedic specialist, and had Defendant granted the first request made by Dr. Ramos, Plaintiff's finger would have been able to be fixed.

///

///

///

**B.     Defendant's Evidence Offered in Opposition**

Defendant contends that Plaintiff has failed to establish there are no disputed material facts and contends that triable issues of material fact remain. ECF No. 50 at 1-2. Defendant has filed the following in response to Plaintiff's motion:

ECF No. 50    "Opposition to Plaintiff's Motion for Summary Judgement"

ECF No. 50    "Declaration of M. Keursten in Support of Defendant's Opposition to Motion for Summary Judgment"

Defendant's opposition does not clearly outline the precise issues of material fact that remain disputed in this case, though defendant makes several arguments highlighting that such disputed facts exist.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

///

///

///

4

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could

properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

**IV. DISCUSSION**

### A. Legal Standard

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**B.** **Analysis**

Plaintiff's motion is supported exclusively by three exhibits. These exhibits largely support Plaintiff's alleged undisputed facts, however there are no citations to these exhibits in the statement of undisputed facts. In this sense, Defendant properly argues Plaintiff has failed to comply with Rule 56 of the Federal Rules of Civil Procedure, which requires a movant's assertions to be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials…" Fed. R. Civ. P. 56. Because Plaintiff has failed to cite to any such sources it cannot be said that he has complied with Rule 56. Plaintiff has subsequently filed a request for judicial notice containing Defendant's interrogatory answers, however, this does not remedy the procedural deficiencies in Plaintiff's

1 immediate motion. See ECF No. 52. For these reasons this Court determines that Plaintiff's
2 motion for summary judgement is procedurally deficient. But even if the motion complied with
3 Rule 56, based on the facts and evidence presented, this court cannot conclude that Plaintiff is
4 entitled to judgment as a matter of law.

5 Plaintiff's undisputed facts, even if taken as truly undisputed, establish only that
6 Defendant denied his request to see an orthopedic specialist. Whether this denial was done with
7 deliberate indifference to Plaintiff's medical needs has not been established. Plaintiff has offered
8 no evidence that Defendant had sufficient knowledge of the fracture to understand Plaintiff's
9 serious need to see an orthopedic specialist, as required under Farmer v. Brennan, 511 U.S. at
10 837, and no evidence that Defendant acted more than negligently in referring Plaintiff to physical
11 therapy, as required under Estelle v. Gamble, 429 U.S. at106. Further, Plaintiff's allegations that
12 Defendant did act with deliberate indifference are all refuted by the declaration of M. Kuersten,
13 attached to Defendant's opposition. This demonstrates that disputed material facts remain
14 between the parties. Additionally, Plaintiff's own two stated disputed facts are arguably material
15 and thus undermine his contention that no disputed material facts exist. See ECF No. 42 at 3.

16 Plaintiff argues in his "rebuttal" to Defendant's opposition, that he is entitled to
17 judgment as a matter of law despite Defendant's assertion that material facts remain in dispute.
18 In the rebuttal Plaintiff provides only argument, void of citations, and unsupported by any
19 evidence. For example, Plaintiff contends his finger was "clearly and unmistakably swollen from
20 his bone fragments having chipped away from his bone." ECF No. 51 at 2. Plaintiff, however,
21 cites to no evidence that establishes his finger was "unmistakably" swollen *because* of bone
22 fragments having chipped away. Id. Plaintiff asserts that it was "clearly obvious that Plaintiff's
23 fracture was in its acute" phase, but again provides no evidence to support this assertion—no
24 medical expert declaration, affidavit, or report. Id. Plaintiff alleges that the physical therapist did
25 not want to treat Plaintiff's finger due to a lack of training and qualification, however, Plaintiff
26 provides no statement by the physical therapist that supports this. Plaintiff even alleges that
27 Defendant did not approve his request to see an orthopedic specialist because Defendant did not
28 want Solano State Prison to have to pay for the services. Id. at 3. This allegation is supported by

no evidence and has never been raised before. It is at best categorized as an unsupported argument, not an undisputed fact.

Plaintiff's motion simply does not establish that there is no dispute of material fact. It is clear upon a reading of the parties' relevant filings that disputed material facts remain related to Defendant's knowledge, Defendant's actions, and the medical treatment that occurred (or did not occur). Thus, it would be improper for this Court to grant either party judgment in their favor, as a matter of law, at this stage of the case.

### V.  CONCLUSION

Based on the foregoing, the undersigned finds Plaintiff has failed to meet his burden as the moving party to be awarded summary judgment on his claim against Defendant. Thus, the undersigned recommends that Plaintiff's motions for summary judgment (ECF No. 42) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE