IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM NATHANIEL WASHINGTON,

    Plaintiff,

v.

M. KUERSTEN,

    Defendant.

No. 2:15-CV-2302-MCE-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 55).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff's sole argument in support of his motion for appointment of counsel is that counsel is necessary for negotiations related to settlement. Plaintiff asserts without counsel this case will not be settled and will go to trial. This argument is not persuasive. The desire to negotiate with the Defense through counsel is not an exceptional circumstance that would require the appointment of counsel. Further, there is no evidence here that the legal issues involved are overly complex as to prevent Plaintiff from proceeding without appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 55) is denied.

Dated: May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE