IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NATHANIEL WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> M. KUERSTEN, <br><br> Defendant. | No. 2:15-CV-2302-MCE-DMC-P <br><br> ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 63).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

1

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he has demonstrated a likelihood of success on the merits of his Eighth Amendment medical care claim. The court does not agree. As explained in the court's February 4, 2019, findings and recommendations denying plaintiff's motion for summary judgment, which have been adopted by the District Judge, disputed issues of material fact remain for trial. While plaintiff certainly has some likelihood that he will prevail, whether he is more likely than not to prevail has not been established. Moreover, a review of the record reflects that plaintiff has been able to sufficiently articulate his claims, which are neither legally nor factually complex.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 63) is denied.

Dated: September 27, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE