**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM NATHANIEL WASHINGTON,<br><br>    Plaintiff,<br><br>   v.<br><br>M. KUERSTEN,<br><br>    Defendant. | No. 2:15-CV-2302-MCE-DMC-P<br><br><u>ORDER</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel and an orthopedic expert witness. <u>See</u> ECF No. 69.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>See</u> <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. <u>See</u> <u>Terrell</u>, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. <u>See</u> <u>id.</u> In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff offers no compelling explanation as to why he requires the assistance of counsel. While Plaintiff states he seeks counsel "for the limited purpose of conducting questioning of plaintiff when he testifies during trial proceedings," ECF No. 69, pgs. 1, he does not explain why he is unable to simply offer his testimony. Additionally, Plaintiff has not demonstrated a likelihood of success on the merits. As explained in the court's February 4, 2019, findings and recommendations denying Plaintiff's motion for summary judgment, which have been adopted by the District Judge, disputed issues of material fact remain for trial. While Plaintiff certainly has <u>some</u> likelihood that he will prevail, whether he is more likely than not to prevail has not been established. Finally, a review of the record reflects that Plaintiff has been able to sufficiently articulate his claims, which are neither legally nor factually complex.

The above analysis applies equally to Plaintiff's request for appointment of an orthopedic expert witness.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel and an orthopedic expert witness (ECF No. 69) is denied.

Dated:  February 16, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE